■ CHARLES R. RINALDO, Appellant, v. JONATHAN HOLDEEN, Respondent. JONATHAN HOLDEEN, Respondent, v. CHARLES R. RINALDO, Appellant. (And Another Action.) — Appeal from a judgment of the Supreme Court, Chenango County, in favor of respondent in the amount of $43,973. Appellant, an attorney, commenced an action alleging that on April 16, 1962 respondent, also an attorney, loaned him $40,000 in return for his execution of five $10,000 notes bearing interest at 6% payable in six months and a $50,000 second mortgage on an office building owned by appellant. He seeks cancellation of the notes and discharge of the mortgage on the grounds that the transaction was usurious and therefore void. Thereafter respondent started suit for repayment of the loans alleging in one complaint that he was the holder of three $10,000 notes made on or about April 16, 1962 and in a second complaint that he was the holder of a fourth note made on or about April 24, 1962, and demanding a total recovery of $40,000 plus interest. The court below has found that appellant had not sustained his burden of proving usury; that while only $40,000 was advanced, the mortgage was open to the construction that it secured up to the amount of $50,000 i.e., allowed for future advances; and that the alleged fifth note simply did not exist. Appellant first urges that the court below was in error in allowing parol evidence to effect construction of the mortgage as securing future advances. In addition to this question having been decided against appellant below, it was also decided against him on denial of a motion for summary judgment brought by him in this proceeding which in turn was affirmed by the Appellate Division, Fourth Department (18 A D 2d 1140). We find no reasons advanced here to alter these determinations. Appellant also argues that the decision of the court below was against the weight of the evidence. The record reveals that on April 16, 1962 respondent and his grandson, one J. Rusel Cushing-Murray, came to appellant's office. Appellant's story is that he was so desperate for money that he acceded to giving notes totalling $50,000 for a loan totalling $40,000 and that on the 16th he signed four notes which had been prepared by Cushing-Murray and the mortgage which had been drawn by respondent. Appellant testified, however, that he

received only $10,000 from respondent on the 16th. Subsequently on the 17th he received another $10,000. Then on April 24 respondent allegedly came to his office and asked for his "bonus note". Appellant claims he made out this fifth note himself and gave it to respondent whereupon respondent gave him a third check for $10,000 on the back of which respondent wrote "Proceeds of note No. 3." Appellant's secretary testified to hearing respondent refer to a "bonus note". On April 26 or 27 respondent gave appellant a fourth check for $10,000 bringing the total amount loaned to $40,000. Respondent in his pleadings in his first action alleged three notes as having been made on the 16th numbered, for some reason, one, two and four. In the second action he alleged a fourth note, the one made on the 24th, which was also allegedly numbered one. Respondent's testimony at the trial, however, was that the notes were made on the 16th, 17th, 24th and 26th respectively, coinciding with appellant's testimony as to the dates upon which he received the checks. Respondent explained that while three notes (numbered one, two and four) were dated the 16th he was unable to raise the corresponding $30,000 on that date and so he loaned the money in $10,000 checks as he got it. He explained that he had forgotten this when he drew his complaint and his bill of particulars. When queried as to why the first three notes were numbered one, two and four, respondent's only explanation was that Cushing-Murray must have blundered. It also appeared that contrary to the pleadings the April 24 note rather than bearing the number one bore no number at all. Respondent vehemently denied any talk of a "bonus note" or the existence of a fifth note. In the final analysis the trial court was presented with a sharp factual dispute which depended almost entirely on the credibility to be attached to the testimony of the various witnesses. The trial court which viewed the witnesses and heard them testify is better able to pass on such issues than is an appellate court. Respondent's testimony was inconsistent with his pleadings, although his final dates coincide with appellant's dates as to when the checks were given, and the numbering system used in drafting the notes is not satisfactorialy explained. On the other hand the evidence advanced by appellant is not clear and convincing and it would seem only logical that appellant would not sign and deliver four notes at a time when he was receiving only one fourth of their value. The cases in this jurisdiction require a "stricter" degree or quantum of evidence than a mere preponderance in usury cases (e.g., *Brown* v. *Robinson,* 224 N. Y. 301, see 51 ALR 2d 1087, "Usury-Evidence-Degree or Weight, p. 1115). Appellant has not met this burden and accordingly the determination of the court below must be affirmed. Judgment affirmed, with costs to the respondent. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.